IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-099-RJC-DCK

| | |
|---|---|
| ROMUS MYERS, as guardian of J.M.M., and NIKKI RUSH, as guardian of N.R.J., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BRADFORD PREPARATORY SCHOOL, and KELLY PAINTER, | ) ) ) |
| Defendants. | ) ) ) |

MEMORANDUM AND RECOMMENDATION

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Second Motion To Dismiss" (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I.  BACKGROUND

Romus Myers ("Myers"), as guardian of J.M.M., and Nikki Rush ("Rush"), as guardian of N.R.J., (all together, "Plaintiffs"), initiated this action with the filing of their original "Complaint" (Document No. 1) on March 1, 2017. Defendants filed a "Motion To Dismiss" (Document No. 5) on April 14, 2017, and Plaintiffs timely responded by filing their "First Amended Complaint" (Document No. 11) on April 27, 2017, pursuant to Fed.R.Civ.P. 15(a)(1)(B).

The First Amended Complaint ("Amended Complaint") generally contends that J.M.M. and N.R.J. are active and successful student-athletes at Bradford Preparatory School ("Bradford"), who plan to attend college, and were both being scouted by the University of South Carolina at

Aiken as prospective student athletes. (Document No. 11); see also (Document No. 16, pp.2-12). Plaintiffs contend that when J.M.M. and N.R.J. enrolled at Bradford in 2014, they each entered into two separate contracts with Bradford by signing agreements related to Bradford's Honor Code, Student Code of Conduct, and Student and Parent Handbook. Id. Plaintiffs are students of color, and allege that Bradford has a history and widespread practice of discrimination against students of color. Id.

The event underlying this lawsuit occurred on December 21, 2016, at around 5:30 p.m. after J.M.M. and N.R.J. had completed wrestling practice at Bradford. Id. While waiting for their ride home, both students entered the school's main building through an unlocked side door to access the nearest boys' restroom. Id. When J.M.M. and N.R.J. exited the building, they were approached by Bradford's Director, Kelly Painter ("Painter") and Spanish teacher Linsey Pittman. Id. Painter allegedly stated that she thought the boys were "intruders," and told them they should have urinated in the woods behind the main building. Id. The students contend they apologized, and that Painter said she would "deal with this situation later." Id. Plaintiffs contend that none of them were given any notice that J.M.M. and/or N.R.J.'s conduct violated the Honor Code or Student Code of Conduct. Id.

On or about December 23, 2016, without any discussion, Painter notified J.M.M. and N.R.J. by separate emails that they were being suspended from school for ten (10) days and removed from the wrestling team. Id. Painter also filed an Incident Report with the Charlotte-Mecklenburg Police Department stating an offense of "Burglary / B/E: Misdemeanor Breaking or Entering," contending that the students illegally and "forcibly" entered the school. Id. See also (Document No. 11-1).

2

Plaintiffs contend that a group of white Bradford students vandalized and stole property from a church following a school-related event at the church in 2015, and that no public police report was filed, and that those students were not suspended from school or extracurricular activities, or otherwise disciplined.  Id.  Plaintiffs also contend that other students have entered Bradford after hours through the same door as J.M.M. and N.R.J., and have not been disciplined. Id.

On or about January 3, 2017, Painter met with Plaintiffs and informed them that they had committed a Class III Offense of "Trespassing On School Property" in violation of the Student Code of Conduct.  Id.  Plaintiffs contend that they were not allowed to adequately respond, nor was it ever explained how the students should have known they were not allowed to enter the school through an unlocked door to use the restroom.  Id.

By the Amended Complaint, Plaintiffs assert claims for:  (1) Violation of Due Process under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983;  (2) Violation of Equal Protection under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983;  (3) Violation of Due Process under Article I, Section 19 of the North Carolina Constitution;  (4) Violation of Equal Protection under Article I, Section 19 of the North Carolina Constitution;  (5) Race Discrimination in Breach of Contract, pursuant to 42 U.S.C. § 1981;  and (6) Slander, - against Bradford Preparatory School and/or Kelly Painter ("Painter"), individually (together, "Defendants").  (Document No. 11). Defendants then filed the pending "Second Motion To Dismiss" (Document No. 13) on May 11, 2017.  Defendants contend that the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. (Document Nos. 13, 14 and 17).

The pending motion has been fully briefed, and review and a recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

4

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**Due Process**

In seeking dismissal, Defendants argue that Plaintiffs have failed to state a claim for violation of the due process clause upon which relief can be granted. (Document No. 14, p.5). Defendants contend that Plaintiffs had sufficient notice and a hearing. (Document No. 14, pp.6-7) (citing Goss v. Lopez, 419 U.S. 565 (1975)) and (Document No. 6, pp.8-16)).[1]

Although Defendants decline to explain their position in their "Memorandum Of Law In Support Of Second Motion To Dismiss" (Document No. 14), it appears that they contend that Painter's brief interaction with J.M.M. and N.R.J. on December 21, 2016, was sufficient notice and hearing to support their suspension from school and removal from the wrestling team.

In response, Plaintiffs note that Goss held that "due process requires . . . that [1] the student be given oral or written notice of the charges against him and, [2] if he denies them, an explanation of the evidence the authorities have and [3] an opportunity to present his side of the story." (Document No. 16, pp.13-14) (quoting Goss, 419 U.S. at 581). Plaintiffs contend that these three "rudimentary precautions" protect students "against unfair or mistaken findings of misconduct and arbitrary exclusion from school." (Document No. 16, p.14) (quoting Goss, 419 U.S. at 581) and (citing N.C.Gen.Stat. § 115C-390.6(a)).

---

[1] The undersigned notes that Defendants' proposed incorporation of their full memorandum supporting a motion that has since been denied as moot is not helpful to the Court. Moreover, the proposed incorporation would likely result in Defendants far exceeding the page limitation for briefing arguments in support of a motion. See Local Rule 7.1 (D). In the future, counsel should include all relevant arguments in the memorandum supporting the instant motion.

5

Case 3:17-cv-00099-RJC-DCK   Document 18   Filed 10/19/17   Page 5 of 10

Plaintiffs argue that Defendants failed to provide these three rudimentary precautions. (Document No. 16, p.16). Moreover, Plaintiffs assert that Painter's advice when she confronted the students after exiting the school building - that they should have urinated in the woods – is a crime in Charlotte. Id. Also, contrary to Defendants' position that notice and a hearing were provided on December 21, 2016, the Amended Complaint asserts that Painter "said that she would 'deal with this situation later.'" (Document No. 11, p.8).

Plaintiffs contend that based on this exchange with Painter they did not know and could not reasonably infer that they would be suspended from school for ten (10) days and removed from the wrestling team. (Document No. 16, p.16). Plaintiffs further contend that their procedural due process rights were also violated on December 23, 2016 and January 3, 2017. (Document No. 16, pp.16-17).

The undersigned finds Plaintiffs' arguments most persuasive. In short, it appears that the Amended Complaint gives Defendants fair notice of what the claim is and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. at 93-94 (quoting Twombly, 550 U.S. at 555-56). The undersigned finds that Plaintiffs have provided sufficient facts to support plausible claims, and that more specific facts are not required at this stage. Rather, this appears to be a case that merits further development of the factual allegations through the discovery process. The undersigned also finds that it would be premature to dismiss Plaintiffs' due process claim pursuant to the North Carolina constitution. Defendants may re-assert their arguments for dismissal and/or summary judgment following discovery.

**Equal Protection**

Next, Defendants argue that Plaintiffs' claims of violation of their right to equal protection under the United States and North Carolina constitutions "are conclusory and unwarranted

6

Case 3:17-cv-00099-RJC-DCK   Document 18   Filed 10/19/17   Page 6 of 10

deductions of fact" and should be dismissed. (Document No. 14, pp.8-9). In its own two-paragraph conclusory argument, Defendants assert that "Plaintiff's allegations are not supported by the other facts stated in the Amended Complaint and are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (citing Jefferson v. Sch. Bd. F City of Norfolk, 452 F.Appx. 356, 357 (4th Cir. 2011)).

Plaintiffs note that the Fourth Circuit has held that "to succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was a result of intentional or purposeful discrimination." (Document No. 16, pp.19-20) (quoting Williams v. Hansen, 326 F.3d 569, 576 (4th Cir. 2003)). Plaintiffs argue that they have properly alleged that J.M.M. and N.R.J., as students of color, were treated differently from their white peers who committed similar or comparable conduct. (Document No. 16, p.20).

The undersigned agrees that Plaintiffs have made sufficient allegations to support a plausible claim. Notably, Plaintiffs have identified behavior by white students that appears far more egregious, but resulted in starkly different consequences than those dealt J.M.M. and N.R.J. (Document No. 16, p.20); (Document No. 11, pp.10-11). Moreover, the Amended Complaint also alleges that white students have engaged in almost the exact same behavior as J.M.M. and N.R.J. and have not been disciplined at all. (Document No. 11, p.22). Plaintiffs equal protections claims should survive at this stage of the litigation.

**Breach of Contract**

Defendants also seek dismissal of Plaintiffs' breach of contract claim. Defendants contend that Plaintiffs have failed to show that there was a valid contract between the parties. (Document No. 14, pp.9-12). "A contract requires mutual intent to contract, consideration, and a lack of

7

ambiguity in offer and acceptance."  (Document No. 14, p.10) (citing Elliot v. Duke University, 66 N.C.App. 590, 596 (1984).  Defendants argue that Plaintiffs' reliance on the Student Handbook and/or Honor Code is misplaced.  (Document No. 14, pp.9-12).

In response, Plaintiffs argue that "the Middle District of North Carolina has held that academic institutions can be held liable for breach of contract if they fail to follow stated grounds and procedures for imposing discipline under their codes of conduct."  (Document No. 16, p.21) (citing McFayden v. Duke Univ., 786 F.Supp.2d 887, 983 (M.D.N.C. 2011)).  Basically, Plaintiffs contend here that Bradford failed to follow the disciplinary procedures required by its own Handbook.  (Document No. 16, p.22).

The undersigned will also recommend that this claim be allowed to survive until at least the close of discovery and the filing of dispositive motions.

**Slander**

Next, Defendants argue that Plaintiffs claim for defamatory and false statements to the Charlotte-Mecklenburg Police Department ("CMPD") should be dismissed.  (Document No. 14, p.12).  Defendants contend that "[t]here is no indication that Defendant Painter spoke the words "breaking and entering" or "crime" to CMPD.  Id.  Defendants further contend that the CMPD report shows that "Painter never accused J.M.M. and N.R.J. of a crime at all."  Id.

Plaintiffs note that to recover for defamation, "a plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning plaintiff, which were published to a third person, causing injury to plaintiff's reputation."  (Document No. 16, p.24) (quoting Boyce & Isley PLLC v. Cooper 211 N.C.App. 469, 478 (2011)).  "A plaintiff can raise a claim for slander *per se* if a defendant's defamatory statements 'charge plaintiff with a crime or offense involving moral turpitude.'"  Id. (quoting Donovan v. Fiumara, 114 N.C.App. 524, 526-28 (1994)).

8

Plaintiffs contend that Painter falsely accused J.M.M. and N.R.J. of attempted burglary and breaking and entering, by contacting Officer Savage and filing a public police report against them. Id.  Plaintiffs further argue that these claims differed from the trespassing claims Painter described elsewhere, and that the severity of these allegations may have jeopardized the students' chances of attending college.  (Document No. 16, p.25).

The undersigned again finds that Plaintiffs' allegations are sufficient to support a plausible claim.  Moreover, Defendants' argument appears to be inconsistent with the underlying CMPD report and narrative.  See (Document No. 11-1).

In sum, the undersigned will recommend that the "Second Motion To Dismiss" be denied. Plaintiffs' allegations on all claims appear sufficient to survive pursuant to the familiar standard of review set forth above.  Of course, the undersigned expresses no opinion as to how these claims might stand up later to the scrutiny of a summary judgment motion after the parties have had time to further develop the factual record and research applicable law.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Second Motion To Dismiss" (Document No. 13) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the

District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 18, 2017

David C. Keesler
United States Magistrate Judge