**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-099-RJC-DCK**

| | |
|---|---|
| **ROMUS MYERS, as Guardian of J.M.M., and NIKKI RUSH, as Guardian of N.R.J.,** <br><br> Plaintiffs, <br><br> v. <br><br> **BRADFORD PREPARATORY SCHOOL and KELLY PAINTER, Individually,** <br><br> Defendants. | **PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c) and upon agreement of counsel for Plaintiffs, counsel for Defendants, and counsel for the Charlotte-Mecklenburg Police Department ("CMPD"), and deeming it just and proper to do so, the Court enters the following Order. This Order governs the handling and disclosure of all materials produced by CMPD.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means: any information provided by CMPD related to confidential investigative materials identified by Complaint # 20161223-0958-00, which are protected under 18 U.S.C. § 5038 and N.C. Gen. Stat. §§ 7B-3001, 7B-3100, and 132-1.4.

2. The CONFIDENTIAL INFORMATION shall be used solely for the pending litigation concerning the above-captioned federal civil action, and shall not be used or disclosed for any other purpose and shall not be reviewed, disclosed, or released to anyone other than:

   a. Any party to this action;

b. Counsel for any party, the legal associates, clerical, or other support staff of such counsel assisting in preparation of this action;

c. Agents, representatives, and employees of either party, as is necessary to prepare this case for litigation;

d. Subject to Paragraph 3 below, independent experts employed by counsel for the purpose of assisting in this action;

e. The Court, Appellate Court, court reporter, and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

f. Subjection to Paragraph 3 below, any potential witness as necessary to prepare this case for litigation; provided that no such person shall be permitted to maintain a copy of any CONFIDENTIAL INFORMATION; and that no CONFIDENTIAL INFORMATION may be disclosed to any person under this Paragraph until such person has read this Order and signed a copy of Exhibit A, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order or disclosure by the Court;

g. Any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing.

3. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 2(a), (b), (c), (e), and (g) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Prior to making disclosures to any person set forth in subparagraphs 2(d) and (f) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any

persons to whom disclosure is made that the CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained; provided, however, the disclosing party shall have no obligation to disclose such records to the opposing party or any other person unless ordered to do so by the Court. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable, but excluding any materials which in good faith judgment of counsel are work product materials. Counsel shall be permitted to maintain a file copy of all the documents subject to the terms of this Order.

4. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

5. If any CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents filed with the Court, or are quoted or referenced in any memorandum, pleading or other paper filed with the Court, the deposition transcript, filing, or

paper shall be submitted to the Court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing, or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

6. CONFIDENTIAL INFORMATION shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

7. The inadvertent, unintentional, or *in camera* disclosure of CONFIDENTIAL INFORMATION shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

8. Counsel for Plaintiffs further agrees to reimburse CMPD for document and electronic reproduction fees, at the rate of ten dollars and zero cents, ($10.00), which will cover the cost of the USB drive containing a copy of the investigatory file, payable upon notification that the investigatory file has been converted to the electronic format.

9. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same, including any electronically stored copies, with a written certification by the party's counsel of record that all such documents and copies of the same, whether hard copies or electronically stored copies, have in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order. Notwithstanding the provisions of this Paragraph, the ultimate disposition of

protected materials is subject to a final order of the Court upon the completion of litigation in accordance with Paragraph F of the Court's Pretrial Order and Case Management Plan in this matter. [ECF No. 24].

10. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

**IT IS SO ORDERED.**

Signed: January 7, 2019

David C. Keesler
United States Magistrate Judge

*\*\*\*Signature of Counsel on Following Page\*\*\**

WE CONSENT:

**/s/ Cheyenne N. Chambers**
Cheyenne N. Chambers (N.C. Bar #48699)
TIN, FULTON, WALKER & OWEN, PLLC
301 East Park Avenue
Charlotte, NC 28203
Telephone: (704) 338-1220
Fax: (704) 338-1312
E-mail: cchambers@tinfulton.com

*Counsel for Plaintiffs*

**/s/ Meredith A. FitzGibbon**
Patrick H. Flanagan (N.C. Bar #17407)
Meredith A. FitzGibbon (N.C. Bar #50703)
CRANFILL SUMNER & HARTZOG LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
Fax: (704) 338-9994
E-mail: phf@cshlaw.com
E-mail: mfitzgibbon@cshlaw.com

*Counsel for Defendants*

**/s/Roger A. McCalman**
Roger A. McCalman (N.C. Bar # 46243)
Assistant City Attorney – Police
601 East Trade Street
Charlotte, NC 28202
Telephone: (704) 336-2406
Fax: (704) 336-4107
E-mail: Roger.McCalman@cmpd.org

*Counsel for CMPD*

# EXHIBIT A

## Agreement concerning materials covered by a Protective Order entered in the United States District Court for the Western District of North Carolina.

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated_____, 2019, in Case No. 3:17-cv-00099-RJC-DCK captioned *Romus Myers, as Guardian of J.M.M, and Nikki Rush, as Guardia of N.R.J. v. Bradford Preparatory School and Kelly Painter, Individually*, and understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and understands (1) a violation of the Order shall subject the offender to such penalties, damages, and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

_____
(Printed Name)

Subscribed and sworn before me,
This_____day of_____, 20____.
_____
NOTARY PUBLIC
   My commission expires: _____